UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

ENNIS LEE BROWN,

                Plaintiff,

v.                                                    Case No. 17-cv-142-pp

NICOLE KAMPHUIS, M. HILLE,
BRIAN FOSTER, TONIA MOON,
S. STABB, CINDI O'DONNELL,
BRAD HOMPE, MARC CLEMENTS,
JON LITSCHER, WILLIAM J. POLLARD,
M. MUENCHOW, CATHY JESS,
and JIM SCHWOCHERT,

                Defendants.

_____

**ORDER SCREENING SECOND AMENDED COMPLAINT, DENYING AS MOOT PLAINTIFF'S MOTION TO TRANSFER CASE TO WESTERN DISTRICT OF WISCONSIN (DKT. NO. 21), DENYING AS MOOT PETITION IN SUPPORT OF THE PLAINTIFF'S ORDER FOR CAUSE FOR TEMPORARY INJUNCTION (DKT. NO. 24) AND DISMISSING CASE FOR FAILURE TO STATE A CLAIM**

_____

Plaintiff Ennis Lee Brown is a Wisconsin state prisoner representing himself. The plaintiff has filed a motion to transfer this case to the Western District of Wisconsin, dkt. no. 21, a proposed second amended complaint, dkt. no. 22, a proposed order for cause for temporary injunction, dkt no. 23 and a petition for the order for cause for temporary injunction, dkt. no. 24. This order screens the plaintiff's second amended complaint, dkt. no. 22, denies as moot the plaintiff's motion to transfer case, dkt. no. 21, denies as moot the petition for a temporary injunction, dkt. no. 24, and dismisses the case for failure to state a claim.

1

## I. BACKGROUND

On March 30, 2018, the court denied the plaintiff's motion for reconsideration of the court's prior screening order, which had dismissed the complaint without prejudice for failure to state a due process claim and for lack of subject-matter jurisdiction. Dkt. No. 20 at 1, 13. In the same order, the court construed the plaintiff's motion for leave to file an amended complaint as a motion to reopen the case and amend. Id. The court determined that the plaintiff's proposed amended complaint, which added new allegations, supported denial-of-access-to-the-courts and retaliation claims. Id. at 11-12. But, because the plaintiff's proposed amended complaint did not identify individual defendants personally involved in the plaintiff's access-to-the-courts claims, the court directed the plaintiff to file a proposed second amended complaint if he wanted to proceed on the claims. Id. at 12. The court told the plaintiff that he "may bring only two claims in this second amended complaint—his access-to-courts claim and his retaliation claim; he *may not* raise any other claims in the second amended complaint." Id. at 13.

The court described the plaintiff's access-to-courts and retaliation claims as follows:

> [T]he plaintiff alleges that in September 2015, he tried to file a petition for a writ of *habeas corpus* in Dodge County Circuit Court. Dkt. No. 17 at 4. He says he did not have the money to get copies and mail to all the parties; he says that the "money taken from [him]" kept him from being able to pay these costs. Id. He says that this resulted in the dismissal of his petition. Id. The plaintiff also alleges that in October 2015, he tried to file a petition for a writ of *habeas corpus* in the Wisconsin Supreme Court. Id. That court dismissed the petition after the plaintiff couldn't pay the fees, supply the court with required copies or pay mailing costs. Id.

> The proposed amended complaint also alleges that defendants Kamphuis, Hille, Pollard, and Foster retaliated against him after he filed grievances related to Kamphuis's denial of his request to access his release account. Dkt. No. 17 at 4, 7. The plaintiff further alleges that defendant Stabb retaliated against him with a thirty-day loss of phone privileges because the plaintiff tried to contact the warden about the money erroneously taken from his account. Id. at 7-8.

Dkt. No. 20 at 11-12.

## II. SCREENING THE SECOND AMENDED COMPLAINT

### A. Federal Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. Buchanan-

3

Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.   The Plaintiff's Allegations

The second amended complaint raises claims beyond the retaliation and access to the court claims described above. In fact, the focus of the plaintiff's second amended complaint is his already-dismissed due process claim. The plaintiff alleges that the defendants illegally took his money in violation of his due process rights. The court has twice explained to the plaintiff that he cannot proceed on a due process claim based on these allegations. See Dkt. No. 20 at 11.

The plaintiff does mention denial of access to the courts and retaliation in his second amended complaint. He states that in January 2016, "money was taken in retaliation for the prior complaints against Ms. Kamphuis," but he does not say who took his money. Dkt. No. 22 at 5. He also mentions that "Ms. Kamphius denied the legal loan in retaliation[,]" but he does not state in retaliation for what. Id. The plaintiff also generally states that the "defendants failed to comply with the court's orders and when I confronted them, I was retaliated against by the staff at WCI." Id. at 6. Regarding an access to the courts claim, that plaintiff states that the "illegal deductions did not allow me

4

to purchase the most basic of needs, such as toothpaste, deodorant, writing supplies, etc. In fact it prevented me from utilizing the State court system, when I could not afford to pay postage, get copies and pay the filing fees to file in the Dodge County courts in forma pauperis and the Wisconsin supreme Court[.]" Id. at 7. The plaintiff states that he suffered "hardship as a result of being deprived of the most basic of needs and access to the state courts." Id.

C. The Court's Analysis

To establish a claim of retaliation, the plaintiff must show that he engaged in a protected activity, he suffered a deprivation likely to prevent future protected activities, and there was a causal connection between the two. See Watkins v. Kasper, 599 F.3d 791, 794 (7th Cir. 2010); Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009). The plaintiff has not alleged all three elements of a retaliation claim with regard to any defendant, so the second amended complaint does not state a retaliation claim. He says that his money was taken, and that it was taken in retaliation against his filing complaints. But the plaintiff does not say *who* took his money, or *why* he believes that there was a connection between the taking of the money and the fact that he filed complaints. The court will not allow the plaintiff to proceed on a First Amendment retaliation claim.

To state a denial-of-access-to-the-courts claim, the plaintiff must allege "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," Ortiz v. Downey, 561 F.3d 664, 671 (7th Cir. 2009) (internal

5

quotation and citation omitted); accord Guajardo-Palma v. Martinson, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires the plaintiff to identify an underlying legal claim that he allegedly lost as a result of not being able to gain access to the courts. See Christopher v. Harbury, 536 U.S. 403, 416 (2002); Steidl v. Fermon, 494 F.3d 623, 633 (7th Cir. 2007). The second amended complaint simply alleges that the plaintiff could not afford to make copies or pay postage. He does not say what legal issues he was trying to raise in the state courts. He does not say what happened to those claims. While the plaintiff argues that he did not have access to the courts, he does not say that he was damaged by that lack of access, or how.

Finally, the court notes that the plaintiff did not follow the court's instructions to file a second amended complaint limited to the retaliation and access-to-the-courts claims. The court's March 30, 2018 order reopened this case, liberally construed the plaintiff's amended complaint allegations, described how those allegations could possibly state a claim and how the allegations were deficient, and clearly and specifically instructed the plaintiff what he needed to do to proceed on the access-to-the-courts and retaliation claims. The court will not give the plaintiff another chance to amend the complaint. Because the second amended complaint fails to state a claim, the court will dismiss it on that basis.

### III. MOTION TO TRANSFER CASE AND PETITION FOR ORDER

The plaintiff asked the court to transfer this case to the Western District of Wisconsin. Dkt. No. 21. He states that he accidentally filed the case in the

6

Eastern District of Wisconsin, and that venue lies in the Western District because "the Defendants and the place of employment all resides [sic] in the jurisdiction of the Western District of Wi[.]" Id. at 2. The court will deny this motion as moot, given that it is dismissing the case.

On April 18, 2018, the plaintiff has filed a document titled Order for Cause for Temporary Injunction. Dkt. No. 23. There was no motion asking for such an order—the plaintiff just filed the order. Two months later, on June 12, 2018, the plaintiff filed a petition in support of the order. Dkt. No. 24. The petition repeats the allegations the plaintiff has made in other documents—that the defendants are taking money out of his account, leaving him with no money to purchase essentials. Id. He admits that the institution supplies some of his hygiene supplies, but not all of them. Id. He asks the court to enjoin the defendants from taking any money out of his accounts until the court has resolved this case. Id.

The court will deny this motion—the plaintiff cannot show a reasonable likelihood of success on the merits of this case, because the court is dismissing it.

## IV. CONCLUSION

The court **ORDERS** that this case is **DISMISSED** under 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) because the second amended complaint fails to state a claim.

The court will document that the plaintiff has incurred a "strike" under 28 U.S.C. §1915(g) and will enter judgment accordingly.

The court **DENIES AS MOOT** the plaintiff's motion to transfer case to Western District of Wisconsin. Dkt. No. 21.

The court **DENIES AS MOOT** the plaintiff's petition in support of his order for a preliminary injunction. Dkt. No. 24.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend either deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 16th day of July, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
United States District Judge**